# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. ZERINA SPALDING,
         Petitioner,

      v.

DEPARTMENT OF THE TREASURY,
         Agency.

DOCKET NUMBER
CB-1208-22-0016-U-7

DATE: May 5, 2023

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Julie R. Figueira, Esquire, Malvina Winston, Esquire, and Paul David Metcalf, Jr., Esquire, Washington, D.C., for the petitioner.

Corlie McCormick, Jr., Esquire, Crofton, Maryland, for the relator.

Elizabeth C. Young, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ORDER ON STAY EXTENSION REQUEST

¶1    Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests an extension of the previously granted stay of the proposed removal issued by the Department of the Treasury (agency) while the parties engage in settlement negotiations and while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2    On July 28, 2022, Member Limon granted OSC's request for a 45-day stay of the proposed removal of Ms. Spalding based on a charge of misconduct. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Stay Request File (U-1 SRF), Order on Stay Request (July 28, 2022). The initial stay was granted to permit OSC to conduct an investigation into whether the agency's proposal to remove Ms. Spalding was the result of a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(A). *Id.*, ¶ 6. OSC subsequently requested, and the Board granted, multiple extensions of the stay.[2]

---

[2] By order dated September 9, 2022, the Board extended the stay through November 9, 2022. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Stay Request File (U-2 SRF), Order on Stay Extension Request (Sept. 9, 2022). By order dated November 9, 2022, the Board extended the stay through January 8, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB 1208-22-0016- U-3, Stay Request File (U-3 SRF), Order on Stay Extension Request (Nov. 9, 2022). By order dated December 27, 2022, the Board extended the stay through January 23, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-4, Stay Request File (U-4 SRF), Order on Stay Extension Request (Dec. 27, 2022). By order dated January 23, 2023, the Board extended the stay through March 24, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-5, Stay Request File (U-5 SRF), Order on Stay Extension Request (Jan. 23, 2023). By order dated March 21, 2023, the Board extended the stay through May 8, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-6, Stay Request

¶3    The current stay order is in effect through May 8, 2023.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-6, Order on Stay Extension Request, ¶ 13 (Mar. 21, 2023).   On April 24, 2023, OSC and the agency filed a joint request to extend the stay through June 22, 2023.  *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-7, Stay Request File, Tab 1.  In doing so, they indicate that this extension will accommodate settlement efforts between the agency and Ms. Spalding.  *Id.* at 2.  At the same time, the parties indicate that OSC will continue to prepare a request for corrective action in case the agency and Ms. Spalding are unable to reach a settlement.  *Id.* at 3.  OSC and the agency request that the following deadlines should apply to extend the stay order:  (1) the existing stay should be extended through and including June 22, 2023; (2) any request for an additional extension by OSC should be due on or before June 7, 2023; and (3) the agency's response to any extension request should be due on or before June 14, 2023.  *Id.*

## ANALYSIS

¶4    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may grant the extension for any period that it considers appropriate.  5 U.S.C. § 1214(b)(1)(B)(i); *Special Counsel ex rel.*

File (U-6 SRF), Order on Stay Extension Request (Mar. 21, 2023).   Although the agency did not oppose one of the extension requests, it opposed the others and the initial stay request.  *Compare* U-1 SRF, Tab 6; U-2 SRF, Tab 3; U-3 SRF, Tab 2; U-5 SRF, Tab 2; U-6 SRF, Tab 3, *with* U-4 SRF Tab 1.

*Waddell v. Department of Justice*, <u>105 M.S.P.R. 208</u>, ¶¶ 3, 5 (2007) (noting that a separate determination must be made on the length of the requested stay).  Under the circumstances, and in light of the fact that the agency consents to the extension, we find it appropriate to extend the stay through June 22, 2023.

## ORDER

¶5        Pursuant to <u>5 U.S.C. § 1214</u>(b)(1)(B), a 45-day extension of the stay is GRANTED, and it is ORDERED as follows:

(1)    The stay issued on July 28, 2022, is extended through and including June 22, 2023, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes in Ms. Spalding's duties or responsibilities that are inconsistent with her salary or grade level, or impose upon her any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to <u>5 U.S.C. § 1214</u>(b)(1)(B), and <u>5 C.F.R. § 1201.136</u>(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before June 7, 2023; and

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before June 14, 2023.


FOR THE BOARD:                                     /s/ for
                                                   _____
                                                   Jennifer Everling
                                                   Acting Clerk of the Board
Washington, D.C.